# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALVARO QUEZADA, | ) | 1:09-cv-01269-OWW-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS (Doc. 1) |
| | ) | |
| | ) | ORDER REQUIRING OBJECTIONS TO BE |
| A. HEDGPETH, Warden, et al., | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondents. | ) | |

   Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 21, 2009, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

   Petitioner alleges that prison employees engaged in a series of reprisals against him for exercising his right to file grievances against prison staff.  Petitioner contends that, as a result of purportedly false disciplinary proceedings filed against him as retaliation for his grievances against staff, Petitioner was subjected to a loss of exercise privileges for ten days and confinement to quarters for thirty days.  (Doc. 1, pp. 6-18).

1

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that CDCR and its employees engaged in a pattern of retaliation against him for several grievances Petitioner filed against prison staff. This retaliation took the form of allegedly false disciplinary proceedings being brought against Petitioner, resulting in a loss of ten days' exercise privileges and thirty days' confinement to quarters. Petitioner does not allege any loss of work or good time credits, nor does he allege that the purported retaliation extended or otherwise affected the length of his sentence. Indeed, in the petition, Petitioner expressly alleges that his claim challenges the "conditions of confinement" at his prison, not Petitioner's conviction or sentence. (Doc. 1, p. 1).

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition should be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 11, 2009**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE